# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

JAMES SILCOX, )
)
          Petitioner )
)
          v. )     No. 3:02cv0928 AS
)
DAN McBRIDE, )
)
          Respondent · )

## *MEMORANDUM AND ORDER*

On December 30, 2002, *pro se* petitioner, James Silcox, an inmate at the Maximum

Control Facility (MCF) in Westville, Indiana , filed a petition seeking relief under 28 U.S.C.

§2254. The Response filed on behalf of the respondent by the Attorney General of Indiana

on May 9, 2003, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d

100 (7th Cir. 1982). The petitioner filed a Traverse on May 28, 2003, which this Court has

carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State

of Indiana. He was the subject of a Conduct Adjustment Board (CAB) proceeding

designated as IR-02-06-0176 while he was incarcerated in the Pendleton Correctional

Facility, located in the territorial area of the United States District Court for the Southern

District of Indiana. However, his presence in this district is enough to establish venue here.

The Attorney General has placed before this Court a series of documents designated A



through K, both inclusive, which explicate in great detail the proceedings involved.

The sanction here was upon a finding that the petitioner was guilty of giving or receiving anything of value. The sanction included six months of disciplinary segregation, which does not implicate a liberty interest under *Sandin v. Conner*, 515 U.S. 472 (1995). There was also a one-step demotion in credit class which could arguably implicate *Wolff*. In the interest of caution, the *Wolff* analysis will be applied. The administrative appeals were exhausted. There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000), *cert. denied*, 2000 WL 1512783 (U.S.), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride*, 81 F.3d 717 (7th Cir. 1996).

The petitioner has presented no basis for relief under 28 U.S.C. §2254, and such is now **DENIED. IT IS SO ORDERED.**

**DATED:** May 29, 2003

s/Allen Sharp

_____
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**

2